UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY HARDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00209-JMB |
| ) | |
| CORIZON MEDICAL SERVICES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Gary Hardman for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $16.93. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint for failure to state a claim.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 6). The account statement shows an average monthly deposit of $84.64. The Court will therefore assess an initial partial filing fee of $16.93, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. The complaint names Corizon Medical Services (Corizon) and Nurse Practitioner Nina Hill as defendants. (Docket No. 1 at 2-3). Nurse Practitioner Hill is sued in both her individual and official capacities. (Docket No. 1 at 3).

Plaintiff states that while an inmate at Crossroads Correctional Center (CRCC), he was assaulted in 2009 and 2011. (Docket No. 1 at 3). As a result of those assaults, he received injuries to his head and neck, a "cracked skull," and a broken nose. Medical staff at CRCC diagnosed him with chronic migraine headaches and severe neck pain.

On July 11, 2013, plaintiff was transferred from CRCC to SECC, where he continued to receive medication that had been prescribed for his pain. However, on August 4, 2014, plaintiff states that he was examined by Corizon staff at SECC. (Docket No. 1 at 6). Following this examination, plaintiff asserts that he was "removed from all pain medication." Plaintiff states that

3

this resulted in "severe and excruciating [chronic] migraine headaches several times a day." He further states that he suffered pain in his neck that kept him from performing everyday tasks, and which made it hard to sleep.

Plaintiff submitted medical service requests (MSRs) on November 13, 2014, November 16, 2014, and January 16, 2015, complaining of chronic migraine headaches, neck pain, and an inability to sleep due to his pain.

Plaintiff subsequently saw a Corizon nurse for a conference, at which time he was advised that he was being referred to a doctor. He states that Corizon's "standard operating procedure" requires an examination by a medical professional within fourteen days of filing an MSR. Plaintiff notes that this did not occur.

On February 4, 2015, plaintiff filed an informal resolution request (IRR) outlining his complaints. (Docket No. 1 at 4). In the IRR, plaintiff contends that he "was removed from [his] previously prescribed pain medications…and several months later was placed on a different, less costly, pain medication." He states that this less-costly medication did not alleviate his pain. As such, he claims that Corizon staff at SECC were deliberately indifferent to his medical needs and were "more concerned with the cost of [his] medical treatment" than in dealing with his condition.

On March 3, 2015, plaintiff was examined by a Corizon doctor and prescribed 30mg Cymbalta and 600mg Motrin. (Docket No. 1 at 4, 6). Plaintiff claims that the prescribed medication does not "alleviate any pain and suffering," and that he has "repeatedly" told this to Corizon staff. (Docket No. 1 at 4).

Plaintiff submits that the Corizon staff acted on the basis of a "monetary decision versus a medical decision," in order to save Corizon's "bottom line." He further claims that 98% of offenders at SECC were taken off their costly pain medications or prescribed cheaper, less

effective alternatives. Plaintiff alleges that "Corizon maintains a policy, practice or custom of deliberate indifference...by denying or delaying medical treatment and referral to appropriate specialists[,] and failing to timely administer vital medication to inmates." (Docket No. 1 at 5).

Plaintiff states that Nurse Practitioner Hill is his medical provider, and that she has "provided ineffective medication, delayed/denied proper medical treatment, and displayed deliberate indifference" to his medical needs. (Docket No. 1 at 4). Specifically, plaintiff asserts that Nurse Practitioner Hill decreased his pain medication. He also states that Nurse Practitioner Hill advised him that he was in "[too] good of shape to be in pain," even though plaintiff insists that his x-rays at SECC "clearly show a [vertebra] out in [his] spine/neck." Plaintiff further accuses Nurse Practitioner Hill of demonstrating deliberate indifference by refusing to send him to see a specialist.

Attached to plaintiff's complaint is an IRR, two grievances, two grievance responses, two grievance appeals, and two grievance appeal responses. These exhibits will be treated as part of the pleadings.[1]

Plaintiff states that as a result of defendants' actions, he has suffered head and neck injuries. (Docket No. 1 at 6). He requests an order from the Court to send him to see an outside physician. (Docket No. 1 at 7). He further seeks $5,000,000 in damages.

## Discussion

Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983, alleging that Corizon and Nurse Practitioner Hill were deliberately indifferent to his medical needs. For the reasons discussed below, this action must be dismissed for failure to state a claim.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

### A. Corizon

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Here, plaintiff states that Corizon "maintains a policy, practice or custom of deliberate indifference." This allegation does nothing more than recite the elements of a cause of action, and provides a legal conclusion without any factual support. Such pleading is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). That is, there are no facts to sustain the proposition that plaintiff was injured due to a policy, custom, or official action on the part of Corizon. Thus, this allegation fails to state a claim and must be dismissed.

Plaintiff also contends that Corizon changed his pain medication based on cost. He further "submit[s]" that Corizon makes medical decisions for "98% of offenders housed at SECC" based on the costliness of medications. Again, as above, plaintiff provides no factual support for this contention. Rather, the allegation amounts to his belief that he was prescribed his current medications over his past medications based on price. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions

cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, plaintiff is required to provide factual allegations sufficient "to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Plaintiff's assertion that Corizon is basing his treatment on financial considerations amounts to an unsupported conclusion that requires the Court to speculate as to his right to relief. Therefore, this allegation fails to state a claim and must be dismissed.

### B. Official Capacity Claim Against Defendant Hill

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Nurse Practitioner Hill is alleged to be an employee of Corizon. Accordingly, plaintiff's official capacity claim against Hill is actually a claim against Corizon itself. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. As discussed above, however, plaintiff has failed to state a claim against Corizon. Therefore, plaintiff's official capacity claim against Nurse Practitioner Hill must be dismissed.

### C. Individual Capacity Claim Against Nurse Practitioner Hill

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff states that Nurse Practitioner Hill is his medical provider. He claims she "has provided ineffective medication, delayed/denied proper medical treatment, and displayed deliberate indifference." In support of this contention, plaintiff alleges that Nurse Practitioner Hill decreased his pain medication, and told him he was in too good of shape to be in pain. He further alleges that she failed to send him to see a specialist.

Plaintiff's factual allegations fail to state a claim of deliberate indifference. There is no indication whatsoever that Nurse Practitioner Hill was responsible for any delay in plaintiff receiving treatment when he transferred to SECC. Plaintiff also fails to establish that Nurse Practitioner Hill denied him care. To the contrary, he acknowledges being seen by Nurse Practitioner Hill, and being treated by her. Specifically, plaintiff notes that he has been prescribed Cymbalta, Motrin, Niacin, Gabapentin, and Amitriptyline. Furthermore, the attachments that plaintiff has included with his complaint also state that he is being seen by healthcare professionals on a regular basis, and that he is prescribed medication for pain management. In particular, the offender grievance appeal response that is attached to the complaint notes that plaintiff was assessed by the chronic care clinic for his pain, and that he is seen at least every six months. (Docket No. 1 at 25).

The crux of plaintiff's complaint is that the medication is not working. In particular, he accuses Nurse Practitioner Hill of decreasing his pain medication and not sending him to see a specialist. This allegation, however, amounts to a disagreement with a treatment decision, and does not constitute deliberate indifference. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions...does not rise to the level of a constitutional violation"); and *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (stating that "[a] prisoner's mere difference of opinion over matters of expert medical

9

judgment or a course of medical treatment fails to rise to the level of a constitutional violation"). *See also Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019) (stating that a prisoner's disagreement with medical staff with the decision to offer him over-the-counter medications, rather than prescription medication, does not constitute deliberate indifference). The Court also notes that the grievance response plaintiff has attached to his complaint states that plaintiff is being seen by the chronic care pain clinic; that plaintiff received a second opinion for his headaches and neck pain; that he was given an x-ray; and that there was no necessity for plaintiff to see a specialist. (Docket No. 1 at 23).

As noted above, to demonstrate deliberate indifference, plaintiff must show that Nurse Practitioner Hill's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson*, 756 F.3d at 1066. There must be facts showing that Nurse Practitioner Hill acted with a mental state "akin to criminal recklessness." *A.H. v. St. Louis Cty., Missouri*, 891 F.3d 721, 726 (8th Cir. 2018). Plaintiff's allegations do not indicate intentional maltreatment or a refusal to provide essential care. Instead, the allegations show that plaintiff is being treated, but that he does not agree with the medications or dosages that he is receiving. This is not sufficient to state a constitutional violation. Therefore, plaintiff's individual capacity claim against Nurse Practitioner Hill must be dismissed.

### D. Motion for Extension of Time to File Account Statement

Plaintiff has filed a motion for extension of time in which to file a certified copy of his inmate account statement. (Docket No. 4). Subsequent to the motion, plaintiff submitted an account statement to the Court. Therefore, the motion will be denied as moot.

### E. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 5). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### F. Motion for Preliminary Injunction and Temporary Restraining Order

Plaintiff has filed a motion for preliminary injunction and temporary restraining order. (Docket No. 7). In the motion, plaintiff states that he is in extreme pain and spends most of his time in his bunk. He has trouble sitting in a chair for extended periods, and can no longer exercise. Plaintiff states that he is in fear of his life and the pain is causing him irreparable harm.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* at 521. Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already

occurred or the threat of such a violation is both real and immediate." *Id.* The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff has not shown that he is entitled to a preliminary injunction or a temporary restraining order. In particular, he has not demonstrated a likelihood of success on the merits. As explained above, plaintiff's complaint fails to state a claim of deliberate indifference. While his motion provides a great deal of detail on the pain he is suffering, he has not established that this pain is the result of a constitutional violation on the part of defendants. Indeed, there are no additional factual allegations against defendants in the motion at all.

Deliberate indifference requires a showing that defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson*, 756 F.3d at 1066. In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay*, 847 F.3d at 643. Plaintiff's facts are insufficient to state a claim under this standard. Plaintiff acknowledges that he has been treated for his pain, and prescribed a number of medications. Moreover, the attachments to the complaint state that he is being treated for his chronic pain, and plaintiff does not allege otherwise. While plaintiff may disagree with the course of treatment he has been prescribed, he has not presented facts showing that he has been denied care, or that the care he has received evinces intentional maltreatment. Therefore, the motion for preliminary injunction and temporary restraining order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $16.93 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to file his inmate account statement (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and temporary restraining order (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE